IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:21-cv-299-D

| | |
|---|---|
| **PINNACLE BANK, a Tennessee corporation,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**CONVEYOR TECH, LLC, A-TECH OPCO, LLC, INO-VATE GROUP, LLC, H. WILLIAM MURPHY, ANTHONY H. DILWEG, and THOMAS RANDY KIRK, II,**<br><br>**Defendants.** | **CONSENT PROTECTIVE ORDER** |

THIS MATTER comes before the Court jointly by Plaintiff and Defendants, pursuant to Fed. R. Civ. P. 26(c), for entry of an order governing the disclosure and protection of confidential and proprietary commercial information that may be sought during discovery. Discovery in this action may require disclosure of materials constituting or containing trade secrets or other confidential research, development, or commercial information and documents that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure. Further, distribution of these materials in the marketplace could be used adversely against the parties. In order to protect this information from being distributed in the marketplace or being used outside the confines of this action, the parties have conferred and agree that a consent protective order is appropriate in this matter and will facilitate discovery while preserving and maintaining the confidentiality of certain information that may be sought by the parties. Therefore, good cause exists for restricting dissemination on the grounds that harm would result from disclosure of these trade secrets or other confidential research, development, or commercial information of the parties. Pursuant to Federal Rule of Civil Procedure 26(c) and upon agreement of the undersigned

attorneys for the respective parties, and deeming it just and proper to do so, the Court enters the following Order.

**WHEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:**

1.      This Order governs the handling and disclosure of all materials produced in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material").

2.      This Order is meant to encompass all forms of disclosure, which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

3.      The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential". If any material has multiple pages, this designation need only be placed on the first page of such material.

4.      Any material designated as confidential pursuant to paragraph 3 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

5.      This Order does not apply to information that is publicly available or information that a party can or does discover outside of formal litigation discovery.

6.      Except with the prior written consent of the designating party, or upon prior order of this Court obtained upon written notice to the designating party's counsel, Confidential Material shall not be disclosed to any person other than:

     a.   the respective parties to this Lawsuit;

2

b. counsel for the respective parties to this Lawsuit;

c. employees of such counsel and persons assigned to assist such counsel in the preparation of this Lawsuit;

d. expert witnesses and consultants, to the extent deemed necessary by counsel, for the prosecution or defense of this Lawsuit;

e. court reporters, to the extent deemed necessary by counsel, for the prosecution or defense of this Lawsuit;

f. A deponent, prior to or in the course of a deposition, provided that such persons may be shown copies of designated material only during the course of preparation for his or her deposition or in the actual course of a deposition, may not retain any designated material, and must be informed of the confidential nature of the materials;

g. the Court and its personnel; and

h. any mediator or arbitrator named in an order of the Court or agreed to by the parties.

7.      Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit A) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute Exhibit A.

8.      Any person receiving Confidential Material shall not reveal to, or discuss such information with, any person who is not entitled to receive such information as set forth in paragraph 6 above. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court Exhibit A, expressly

3

consenting to be bound by and comply with the terms of this Order.

9.     In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as "Confidential" following the testimony having been given provided that: (1) such testimony is identified and designated as "Confidential" on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 3 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

10.     If a deponent refuses to execute Exhibit A to this Order, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

11.     Regardless of which party designated the documents or information as Confidential Material, the parties agree that should any Confidential Material need to be filed or provided to the Court in the form of pleadings, motions, or other papers, then the parties shall seek to have such Confidential Information filed under seal pursuant to this Order as well as the Fed. R. Civ. Proc. and Local Rules, including LR 79.2.

12.     If a non-designating party is subpoenaed or ordered to produce Confidential

4

Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

13.     Pursuant to Local Civil Rule 79.2 and Sections V.G and V.I.4 of the Electronic Case Filing Administrative Policies and Procedures Manual, the parties shall comply with the following with respect to the filing of sealed material: Each time a party seeks to file under seal any material subject to this Order, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which may justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

14.     If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is

5

subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

15.     Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is timely asserted after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

16.     This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

17.     When any counsel of record in this Lawsuit or any attorney who has executed Exhibit A becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

18.     Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party or destroyed. In addition, counsel returning or destroying such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned or destroyed in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning or destroying counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel or destroyed. Nothing herein shall require counsel to destroy its work product so long as it is held in strict confidence and is not used or disseminated in violation of this Order.

19.     After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

20.     This Order is intended to facilitate discovery while preserving claims of confidentiality and not to waive any claims, defenses or rights regarding confidentiality. Accordingly, no party shall be deemed to have waived any claims of confidentiality or defenses to an allegation of confidentiality merely because they have stipulated to this Order or provided information under the terms of this Order. No party shall be deemed to have admitted that any material designated by another party as Confidential Material actually constitutes Confidential Material.

21.     Entry of this Order shall be without prejudice to any application for relief from any restriction hereof or for any other or further restriction on the production, exchange, or use of any document, testimony, interrogatory response, or other information produced, given or exchanged in the course of pretrial discovery in these actions. However, any party applying for relief shall give a minimum of three business days' notice, weekends and holidays excluded, of any request for relief.

22.     By attaching their signatures hereto, counsel and the parties they represent agree to treat information disclosed hereafter as if the Order had been entered, until such time as this Consent Protective Order is presented to a Judge for signature and entry.

**IT IS SO ORDERED.**

This the **9** day of **August**, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge

**WE CONSENT:**

**WILLIAMS MULLEN**

Camden R. Webb
N.C. State Bar No. 22374
Alexander M. Gormley
N.C. Bar No. 55312
P.O. Box 1000
Raleigh, NC 27602
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
Email: crwebb@williamsmullen.com
agormley@williamsmullen.com
*Counsel for Plaintiff Pinnacle Bank*

**MILLER, MONROE & PLYLER PLLC**

Jason A. Miller
N.C. Bar No. 39923
3321 Trillium Whorl Court
Raleigh, North Carolina 27607
Email: jmiller@millermonroelaw.com
*Counsel for Conveyor Tech, LLC,*
*A-Tech Opco, LLC, and Ino-Vate Group, LLC*

**KILPATRICK TOWNSEND & STOCKTON**

Joseph S. Dowdy
N.C. State Bar No. 31941
Ami P. Patel
N.C. State Bar No. 56681
4208 Six Forks Road, Suite 1400
Raleigh, North Carolina 27609
Email: jdowdy@kilpatricktownsend.com
appatel@kilpatricktownsend.com
*Counsel for Anthony H. Dilweg*

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren
NC State Bar No. 26869
Rebecca F. Redwine
NC State Bar No. 37012
Benjamin E.F.B. Waller
NC State Bar No. 27680
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
*Attorneys for Thomas Randy Kirk. II*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:21-cv-299-D

| | |
|---|---|
| **PINNACLE BANK, a Tennessee corporation,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**CONVEYOR TECH, LLC, A-TECH OPCO, LLC, INO-VATE GROUP, LLC, H. WILLIAM MURPHY, ANTHONY H. DILWEG, and THOMAS RANDY KIRK, II,**<br><br>**Defendants.** | **EXHBIT A TO**<br>**CONSENT PROTECTIVE ORDER** |

**Confidentiality Agreement concerning materials covered by a Protective Order entered in the United States District Court for the Eastern District of North Carolina.**

Being Duly Sworn, I hereby attest to the following:

1.  It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order in the above- captioned case which is pending in the United States District Court for the Eastern District of North Carolina ("Court").

2.  I have been given a copy of and have read the Protective Order, I understand the terms of the Order, and I hereby agree to be bound by it.

3.  I further agree that I shall not disclose such Confidential Information to others, except in accordance with the Protective Order.

4.  It is my understanding that if I fail to abide by the terms of the Protective Order, then I may be subject to sanctions imposed by the Court for such a failure.

5.  I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order, and I understand that such jurisdiction survives any settlement, discontinuance, dismissal, judgment or other disposition of the case.

6.  I understand that any Confidential Material disclosed to me pursuant to the Protective Order cannot be retained and must be returned to the party who designated it "Confidential" at the conclusion of the matter.

Dated: _____

Signature: _____

Printed Name: _____

Subscribed and sworn before me,

This_____day of_____, 2022.


_____
NOTARY PUBLIC


My commission expires: _____